[No. 4878-1-III.   Division Three.   February 1, 1983.]

HERBERT L. CAHN, *Appellant*, v. FOSTER & MARSHALL, INC., *Respondent*.

*Wayne Gladstone* and *Gladstone, Stancik, Swisher & Shaw,* for appellant.

*Peter S. Ehrlichman, Michael A. Barrett,* and *Foster, Pepper & Riviera,* for respondent.

ROE, C.J.—Plaintiff Dr. Herbert L. Cahn appeals a summary judgment favorable to defendant Foster & Marshall, Inc.

Cahn claims in July 1973 Charles Simenstad, an employee of defendant, orally advised that New York State Urban Development Corporation bonds (UDC bonds) were available at a favorable return and were guaranteed by the New York State Legislature. Simenstad also gave him a written description of UDC bonds, typed in the form of a wire transmission (Cahn deposition exhibit 1) which stated:

NEW YORK STATE URBAN DEVELOPMENT CORP
6.00 PCT 11–1–2013 99.50
6.05 YIELD TO MAT 6.03 CURRENT YIELD

THE BOND IS A RATED BY MOODYS S&P
CORP USES PROCEEDS TO REDEVELOP AREAS

FOR COMMERCIAL AND INDUSTRIAL USES CREATE
NEW COMMUNITIES ETC
REVENUES ARE DERIVED FROM INTEREST AND
PRINCIPAL REPAID ON LOANS FROM PROJECTS
*NEW YORK STATE BY LEGISLATIVE ACT HAS TO
MAKE UP ANY DEFICIENCES* [*sic*]
OFFERED ON A FIRST COME FIRST SERVED BASIS

(Italics ours.) Relying thereon, Cahn acquired $50,000 worth of UDC bonds. In February 1975, Cahn sold them at a loss, presumably because in fact the New York State Legislature had not agreed to make up any deficiencies. After 3 years, on August 17, 1978, Cahn filed suit against Foster & Marshall alleging breach of contract. Plaintiff contends the wire description and receipt[1] (Cahn deposition exhibit 1) from the defendant are the written contract. It was stipulated this is a breach of contract action only. The trial court granted defendant's motion for summary judgment but held the action was grounded in fraud since plaintiff alleged defendant's employee made "representations" which were "inaccurate" and induced the sale. Fraud actions are subject to a 3–year statute of limitations, RCW 4.16.080(4); hence, this action was time barred.

Cahn contends this was a written contract; thus, the 6–year statute of limitations, RCW 4.16.040(1)[2] applies.

The burden of proving a contract, whether express or implied, is on the party asserting it, and he must prove each essential fact, including the existence of a mutual intention. *Johnson v. Nasi,* 50 Wn.2d 87, 91, 309 P.2d 380 (1957). A written agreement for purposes of the 6–year statute of limitations must contain all the essential elements of the contract, and if resort to parol evidence is

---

[1]The "receipt" is referred to as "this invoice" on the document itself. Defendant Foster & Marshall refers to it as a written "confirmation letter".

[2]RCW 4.16.040(1):
"Actions limited to six years. Within six years:
"(1) An action upon a contract in writing, or liability express or implied arising out of a written agreement."

necessary to establish any material element, then the contract is partly oral and the 3–year statute of limitations applies. *Ingalls v. Angell,* 76 Wash. 692, 695–96, 137 P. 309 (1913); *National Bank of Commerce v. Preston,* 16 Wn. App. 678, 679, 558 P.2d 1372 (1977). The statute requires a "contract in writing" or "a written agreement", not some ex parte memorandum related thereto. *Evans v. Yakima Vly. Grape Growers Ass'n,* 52 Wn.2d 634, 637, 328 P.2d 671 (1958). As a general rule, a receipt is not a contract. 17 Am. Jur. 2d *Contracts* § 67 (1964); *see Baillargeon, Winslow & Co. v. Westenfeld,* 161 Wash. 275, 295 P. 1019 (1931) (confirmation letter from stockbroker reciting sale of stock is not sufficient memorandum of sale to satisfy requirements of statute of frauds). Receipt is defined in Black's Law Dictionary 1433 (4th rev. ed. 1968):

> Written acknowledgment of the receipt of money, or a thing of value, *without containing any affirmative obligation upon either party to it;* a mere admission of a fact, in writing. And being a mere acknowledgment of payment, is subject to parol explanation or contradiction.

(Citations omitted. Italics ours.)

Since the receipt is merely the confirmation of a stock transaction, it does not constitute a contract. It lacks the essential term upon which plaintiff allegedly relied and bases his lawsuit, *i.e.,* that the UDC bonds were guaranteed by the New York State Legislature. Nor is the wire description which states "NEW YORK STATE BY LEGISLATIVE ACT HAS TO MAKE UP ANY DEFICIENCES [*sic*]" a sufficient contract. It is merely a memorandum which does not contain any of the essentials of a contract; that is, the parties, price, time and manner of performance, the matters agreed to and signatures. Nor does it identify who wrote it or when it was written.

■ The issue of whether several writings establish the existence of a contract was discussed in *Grant v. Auvil,* 39 Wn.2d 722, 724–25, 238 P.2d 393 (1951). The court stated the general rule of incorporation by reference:

> In order to satisfy the requirements of [the statute],

the note or memorandum may consist of several writings, though the writing containing the requisite terms is unsigned, if it appears from an examination of all the writings that the writing which is signed by the party to be charged was signed with the intention that it refer to the *unsigned writing,* and that the writings are so connected by *internal reference* in the signed memorandum to the unsigned one, that they may be said to constitute one paper relating to the contract.

Although *Grant* involved a statute of frauds problem, the incorporation rule is nonetheless applicable. Here, neither the receipt nor the wire description refers to the other writing. There is no internal reference connecting the two writings. It is only by resort to parol evidence that plaintiff could prove that the agreement to purchase UDC bonds was premised on the guaranty statement in the wire description. Thus, under the holdings in *Ingalls* and *National Bank of Commerce,* the 3–year statute of limitations for contracts not in writing, RCW 4.16.080(3), applies.

■ Actions in fraud and/or negligence have a 3–year statute of limitations. RCW 4.16.080(2), (4). *See Hermann v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 17 Wn. App. 626, 564 P.2d 817 (1977) (suit against stockbroker and his employer for negligence in the handling of stock portfolios). An action grounded in fraud does not accrue until its discovery. RCW 4.16.080(4); *Viewcrest Coop. Ass'n v. Deer,* 70 Wn.2d 290, 295, 422 P.2d 832 (1967). It is undisputed that plaintiff knew February 18, 1975, the date he sold the UDC bonds, that they were not guaranteed by the New York State Legislature; therefore, the action accrued on that date and is time barred since plaintiff did not file suit until August 1978. There is no genuine issue of material fact; the trial court did not err in granting summary judgment in favor of defendant.[3]

---

[3]We need not consider plaintiff's unargued assignment of error that the trial court erred in denying plaintiff's motion for reconsideration. *State v. Kroll,* 87 Wn.2d 829, 838, 558 P.2d 173 (1976).

Affirmed.

GREEN and MCINTURFF, JJ., concur.

Reconsideration denied February 23, 1983.

Review denied by Supreme Court April 18, 1983.