[No. 10565-5-I. Division One. August 6, 1984.]

HUBER B. CAMPBELL, ET AL, *Appellants,* v. KING COUNTY, ET AL, *Respondents.*

---

*Walthew, Warner, Keefe, Arron, Costello & Thompson* and *Edward F. Boyer,* for appellants.

*Norm Maleng, Prosecuting Attorney,* and *Ann Schindler* and *Sheryl Willert, Deputies,* for respondents.

CORBETT, A.C.J.—Plaintiffs appeal the judgment dismissing their action for unlawful mandatory retirement. We

476

affirm.

This action was commenced more than 3 but less than 6 years after each of the plaintiffs was forced to retire. From April 24, 1970 until August 16, 1977, defendant King County had in effect an ordinance which lowered from 70 to 65 the mandatory age of retirement for its employees. Each of the plaintiffs had been employed by King County prior to 1970, and was a participating member of the Washington State Public Employees' Retirement System. RCW 41.40. The questions of liability and damages were bifurcated and the case tried to the court on the primary issue of whether the action was time–barred. Plaintiffs contend that the applicable statute of limitations is 6 years because it is an "action upon a contract in writing, or liability express or implied arising out of a written agreement." RCW 4.16-.040(1). Defendants contend the limitation is 3 years because it is an "action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument". RCW 4.16.080(3). Plaintiffs assign error to the trial court's selection of the latter as the applicable statute.

The Washington Public Employees' Retirement System (PERS) was originally created by the Laws of 1947, ch. 274, § 2, p. 1171. In 1948, defendant King County by resolution authorized and approved participation in PERS. The written minutes of the PERS board of trustees reflected admission of King County into the system. Correspondence between the Board of County Commissioners of King County and the PERS board, reflecting acceptance into the system, was admitted into evidence at trial. Plaintiffs contend that the foregoing correspondence constituted the formulation of a "written contract" or "agreement in writing" between King County and PERS, within the meaning of RCW 4.16.040(1).

To satisfy RCW 4.16.040(1), a written agreement must contain all the essential elements of the contract. *National Bank of Commerce v. Preston*, 16 Wn. App. 678, 679, 558 P.2d 1372 (1977). The documents submitted by

the plaintiffs do not meet this standard. There being no written agreement between King County and PERS under which the plaintiffs can claim as third party beneficiaries for purposes of the 6–year statute, we examine the plaintiffs' claims in light of their reliance on *Eagan v. Spellman*, 90 Wn.2d 248, 581 P.2d 1038 (1978). In *Eagan*, termination of the plaintiff's employment solely on account of age, pursuant to the lowering of the mandatory retirement age from 70 to 65, was held to violate her pension rights under RCW 41.40. The court in *Eagan* did not, however, address the applicable statute of limitations. The court did state that the plaintiff's forced early retirement "was in violation of the agreement made with her by King County." *Eagan v. Spellman, supra* at 253. Thus the court's focus was on the "agreement" between the employee and King County, and *not* that between King County and PERS.

> The promise on which the employee relies is that which is made at the time he enters employment; and the obligation of the employer is based upon this promise.

*Eagan v. Spellman, supra* at 252 (quoting *Bakenhus v. Seattle*, 48 Wn.2d 695, 700, 296 P.2d 536 (1956)).

In determining the appropriate statute of limitations, we are therefore concerned with each plaintiff's contract of employment with King County—the "promise . . . made at the time he enters employment". This is the source of the rights the plaintiffs seek to enforce, notwithstanding the fact that the employment contract may in part incorporate rights created by PERS. The plaintiffs' action was brought against King County, their employer, for damages caused by interference with pension rights; it is *not* an action against the State seeking enforcement of the PERS statutes. The trial court found that the plaintiffs presented no evidence of the existence of a written employment contract with King County. Our independent review of the documentary evidence, *Lobdell v. Sugar 'N Spice, Inc.*, 33 Wn. App. 881, 887, 658 P.2d 1267 (1983), supports this finding. Because resort to parol evidence is necessary to establish

the contract of employment with King County, the agreement sued upon is partly oral and the 3–year statute of limitations, RCW 4.16.080(3), applies. *National Bank of Commerce v. Preston, supra* at 679.

Two of the plaintiffs, Campbell and Comito, were members of the Washington State Council of County and City Employees, Local 1652. A collective bargaining agreement between the union and King County provided in part:

ARTICLE XV. EQUAL EMPLOYMENT OPPORTUNITY

The employer or the union shall not discriminate against any individual with respect to compensation terms, conditions, or privileges of employment because of race, color, religion, national origin, age or sex, except as otherwise provided by law.

This is an equal employment opportunity clause which includes age discrimination among its prohibitions. The two plaintiffs argue that their unlawful discharge automatically violated this provision, and because they can refer to the written collective bargaining agreement, the 6–year statute of limitations is applicable to their claim.

The plaintiffs amended their complaint to add the claims under the collective bargaining agreement with respect to two of them. The trial court erred in holding that the amendment did not relate back, under CR 15(c), to the date the original complaint was filed. Relation back of amendments is proper even when the case presents a new cause of action or legal theory, as long as the cause of action arose out of the same "conduct, transaction or occurrence" and the defendant receives adequate notice of the amendment. *See Olson v. Roberts & Schaeffer Co.*, 25 Wn. App. 225, 227, 607 P.2d 319 (1980). The amended complaint raising claims under the collective bargaining agreement arose out of the same occurrence as the original claim—the plaintiff's mandatory retirement. The defendants agreed to the amendment, reserving the statute of limitations defense, and thus could not argue unfair surprise. The amendment related back. However, because the claims under the collective bargaining agreement are governed by

the 3–year statute of limitations, and would be time–barred even if the amended complaint related back, the trial court's error on this point was harmless.

■ All of the plaintiffs took the position throughout trial and on appeal that their discharges were unlawful under *Eagan v. Spellman.* The claim added by the amended complaint is based on the theory that a discharge that is unlawful under *Eagan* is automatically unlawful under the collective bargaining agreement. The court in *Eagan* specifically declined to address the argument that the plaintiff's mandatory retirement violated state law against discrimination. *Eagan v. Spellman, supra* at 250. The trial court in this case specifically and correctly concluded that as a matter of law, none of the plaintiffs stated a cause of action for age discrimination under *Sarruf v. Miller,* 90 Wn.2d 880, 586 P.2d 466 (1978), because each of them was over the age of 65 at the time of termination. Clearly, the only claim the plaintiffs raise is under *Eagan,* for violation of their "vested right to a potential date of retirement." The collective bargaining agreement clause, relating to age discrimination, simply is not relevant to this right.

A different result is not compelled by *McDonald v. Wockner,* 44 Wn.2d 261, 267 P.2d 97 (1954). The *McDonald* court had before it, as does this court, both an oral agreement between employer and employee and a written collective bargaining agreement between employer and union. The court held that the employee's right to recover wages arose *expressly* out of the collective bargaining agreement, which *expressly* dealt with wages. *McDonald v. Wockner, supra* at 276. This is in accord with the general principle that an employee may sue under a written collective bargaining agreement rather than under his own hiring agreement when the collective bargaining agreement encompasses the right the employee's suit seeks to enforce. *See* 4 A. Corbin, *Contracts* § 781, at 73 n.35 (1951).

Plaintiffs seek damages for interference with pension rights. Their pension rights are ensured by RCW 41.40.

RCW 41.40 is *not* incorporated as a term of the collective bargaining agreement. To be distinguished is *McDonald v. Wockner,* in which the antikickback statute was incorporated into, or governed, the collective bargaining agreement, and *Stover v. Winston Bros. Co.,* 185 Wash. 416, 419, 55 P.2d 821, *appeal dismissed,* 299 U.S. 508, 81 L. Ed. 376, 57 S. Ct. 44 (1936), in which the written contract between the city and the employee incorporated the wage–hour statute. There exists no similar connection between the rights protected by the age discrimination clause in the collective bargaining agreement and the pension rights upheld in *Eagan,* under which authority these plaintiffs sue. Essential to these pension rights are the individual oral contracts of hire, not the collective bargaining agreement. The trial court did not err by applying the 3–year statute of limitations.

In summary, our application of the 3–year statute of limitations to the original claims of all four plaintiffs is required by the part–oral/part–written nature of the agreement they sue upon, *i.e.,* the oral contract of hire with King County, which comprehends the written pension rights scheme set out in RCW 41.40. The same analysis mandates application of the 3–year statute to the attempt by two of the plaintiffs to claim under the collective bargaining agreement. The actual source of their rights continues to be the employment contract together with the pension statute. We cannot read into the general antidiscrimination clause in the collective bargaining agreement a specific reference to pension rights, in order to find RCW 41.40 incorporated into the agreement. The clause is not relevant to the rights the plaintiffs seek to enforce.

██ Plaintiffs also contend that defendants admitted in their answer all of the facts necessary to establish liability under *Eagan.* They argue that it is therefore not necessary to resort to parol to prove the employment agreement, and thus the statute of limitations defense was waived. This ingenuous argument ignores the express wording of the statute of limitations which was pleaded as an affirmative

defense. "Actions can only be commenced within the periods herein prescribed . . ." RCW 4.16.010. That the answer may admit facts sufficient to give rise to liability does not waive the defense that the action was not brought within the statutory period, nor does it cause an oral agreement of hire to become a written one.

Affirmed.

WILLIAMS, J. (concurring)—I concur and wish to emphasize that this cause of action was against the county government, only, for money damages incurred when the plaintiffs were forced to retire from their county employment. That employment was begun and continued on terms set forth in an entirely oral contract. Within the pleadings, a part of the measure of damages for breach of that contract could be lost pension benefits. But there is no action stated seeking recovery upon a pension agreement. The damages sought to be recovered are for breach of contract—the oral contract of employment.

As to Judge Ringold's dissent, in any employment contract a number of conditions are "written" into the agreement by statute, including wages (RCW 49.46), working conditions (RCW 49.12) and the like. None of these statutory conditions, including retirement from public service (RCW 41.40), establish a contract in writing calling for application of the 6–year statute of limitation. *See State ex rel. McMillan v. Miller,* 108 Wash. 390, 399, 184 P. 352 (1919).

RINGOLD, J. (concurring in part, dissenting in part)—I agree that Stokes's and Williams's claims are barred by the 3–year statute of limitations, RCW 4.16.080(3). I would hold, however, that the claims of plaintiffs Campbell and Comito under the collective bargaining agreement are governed by the 6–year statute of limitations,[1] and remand

---

[1]RCW 4.16.040(1) establishes the 6–year limitation of "[a]n action upon a contract in writing, or liability express or implied arising out of a written agreement."

their claims for trial.

The majority asserts that this action is one to enforce pension rights. That is not the case. Any action to establish or enforce pension or retirement rights to which public employees are entitled under PERS is governed by RCW 41.40.412–.420, which provide an administrative remedy and judicial review pursuant to the administrative procedure act, RCW 34.04. Plaintiffs' claims for judgment were for:

1. A declaration that the termination of their employment was illegal and in violation of their lawful rights.

2. For judgments in an amount sufficient to compensate each plaintiff for loss of wages and of other benefits incurred as a result of said mandatory retirement.

3. Such other and further relief as the court may deem just and equitable.

4. For plaintiffs' costs and attorney's fees . . .

When the plaintiffs were hired, RCW 41.40.180(2) as it then read provided that the mandatory retirement age under PERS was 70. *Eagan v. Spellman,* 90 Wn.2d 248, 255, 581 P.2d 1038 (1978). In 1970 King County enacted an ordinance reducing the mandatory age for retirement from 70 to 65 years. King County Code 3.12.060(j). The *Eagan* court held that this back–door amendment of RCW 41.40 was invalid. *Eagan,* at 253. Thus the only legislative provision governing mandatory retirement is found in RCW 41.40.180, which becomes incorporated into and part of the collective bargaining agreement. *See Wagner v. Wagner,* 95 Wn.2d 94, 621 P.2d 1279 (1980). Campbell and Comito were third party beneficiaries of the collective bargaining agreement and thus entitled to assert its protections, including RCW 41.40.180, just as the third party beneficiaries of the collective bargaining agreement asserted the protection of the antikickback statute in *McDonald v. Wockner,* 44 Wn.2d 261, 267 P.2d 97 (1954).

The majority misapprehends the rationale and scope of *McDonald* and *Stover v. Winston Bros. Co.,* 185 Wash. 416, 55 P.2d 821, *appeal dismissed,* 299 U.S. 508, 81 L. Ed. 376,

57 S. Ct. 44 (1936). In *McDonald,* the defendant–employer was a member of the Automobile Dealers Association which negotiated a collective bargaining agreement with the union, providing for commission payments to salespeople. McDonald and Wockner entered into a secret agreement that McDonald would accept a salary of $350 per month in lieu of commissions called for in the union contract. The court held that this agreement constituted a rebate of commissions, violating the antikickback statute, RCW 49.52-.050. The court applied the 6–year statute of limitations and allowed the employee to recover under the collective bargaining agreement. Though the employment contract between the employer and the employee was oral, McDonald recovered under a written collective bargaining agreement which applied to him as an employee on whose behalf the union had negotiated the contract with the dealers association. The 6–year limit was applicable because the action was upon a written contract incorporating the provisions of the antikickback statute. *McDonald,* at 276.

The 6–year statute was also applied in *Stover,* which concerned a suit by defendant's employees under a statute setting minimum wage–hour standards for all contracts with the city. The workers, as third party beneficiaries of the written contract between the city and their employer, sued under the wage–hour statute. The court said that "the liability arises out of the contract, and therefore the six–year statute must apply." *Stover,* at 429. Though the contract of employment was oral, the contract between the city and the employer supplied the "contract in writing." The source of the right which the plaintiffs sought to enforce was the written contract, incorporating the wage–hour statute, so that the 6–year limit was applicable.

Similarly, in this case, the plaintiffs were hired by King County pursuant to an oral agreement. The majority characterizes the source of the plaintiffs' rights as flowing from this oral employment contract which gave them vested rights in PERS. The rights the plaintiffs are asserting, however, flow from the collective bargaining agreement and

RCW 41.40, not from the oral employment contract. *See Eagan.* As in *McDonald* and *Stover,* if the plaintiffs had not been hired they would not be entitled to assert the claim. But, again as in *McDonald* and *Stover,* the oral employment contract is not the source of the rights they seek to enforce. It is true, as the majority states, that retirement benefits are not specifically mentioned in the collective bargaining agreement. The collective bargaining agreement does, however, prohibit discrimination based on age. Forced retirement at age 65 solely because of age violates former RCW 41.40.180 and may be "discrimination" under the language of the collective bargaining agreement. This is an issue for the trier of fact. Because the source of the right here, as in *McDonald* and *Stover,* is the written collective bargaining agreement incorporating a statutory provision, I would apply the 6–year statute of limitations.

Review denied by Supreme Court December 19, 1984.