959 P.2d 1104 (1998)
136 Wash.2d 26
Ralph DePHILLIPS, Jr., Petitioner,
v.
ZOLT CONSTRUCTION COMPANY, INC., a/k/a Zolt Enterprises, Inc., Respondent.
No. 65017-9.
Supreme Court of Washington, En Banc.
Argued November 19, 1997.
Decided August 6, 1998.
*1106 David Hunter, Bellingham, for Petitioner.
Brett & Daugert, Timothy C. Farris, Philip Buri, Rand Jack, Bellingham, for Respondent.
Bryan P. Harnetiaux, Debra Stephens, Spokane, Kelby Fletcher, Seattle, Amicus Curiae on behalf of Washington State Trial Lawyers Association.
*1105 MADSEN, Justice.
At issue is whether a discharged employee's action based upon his employer's alleged violations of discipline and grievance terms in an employee handbook is subject to the six-year statute of limitations applicable to actions upon contracts in writing. We conclude that the six-year limitations period does not apply because as a matter of law the handbook at issue here does not contain all of the essential elements of a written contract. We also hold that insofar as petitioner's claim is premised upon an alleged employer promise contained in the handbook of specific treatment in specific situations, see Thompson v. St. Regis Paper Co., 102 Wash.2d 219, 229-30, 685 P.2d 1081 (1984), it is not a claim based upon contract and, therefore, is not a claim subject to the six-year limitations period for written contracts. Accordingly, the trial court properly granted summary judgment of dismissal in favor of defendant because the action was not timely commenced.

FACTS
On April 8, 1994, Ralph DePhillips brought this action against his former employer, Zolt Construction Company, Inc., a.k.a. Zolt Enterprises (hereafter Zolt), alleging he was *1107 wrongfully terminated in March of 1990 "contrary to the terms and conditions of [Zolt's] employee handbook." Clerk's Papers (CP) at 95. The handbook contains a disciplinary scheme and a grievance procedure, which DePhillips maintains Zolt did not abide by when discharging him. It also contains a disclaimer which provides: "This manual is not a contract and there is no promise of any kind by the Company contained in this manual. The Company reserves the right to change provisions or conditions as it deems necessary." CP at 35.
Zolt moved for summary judgment on the ground that DePhillips' action was not commenced within three years of the discharge, and therefore it was barred by the three-year statute of limitations pertaining to oral contracts. RCW 4.16.080(3). DePhillips contended his claim was subject to the six-year statute of limitations applicable to actions based upon written contracts. RCW 4.16.040(1). The trial court granted summary judgment in favor of Zolt and dismissed the action as untimely. DePhillips appealed. The Court of Appeals affirmed in an un, holding that parol evidence is necessary to determine whether, in light of the disclaimer, the handbook is a contract and that accordingly the three-year limitations period applicable to oral contracts applies. We granted discretionary review. Although we affirm the decision of the Court of Appeals, we do so by different reasoning.

ANALYSIS

Contract in Writing
An appellate court reviews a grant of summary judgment de novo, engaging in the same inquiry as the trial court. Gunnier v. Yakima Heart Ctr., Inc., 134 Wash.2d 854, 858, 953 P.2d 1162 (1998). Summary judgment is proper if there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. Id.; CR 56(c). If reasonable minds can reach different conclusions, summary judgment is improper. Kalmas v. Wagner, 133 Wash.2d 210, 215, 943 P.2d 1369 (1997).
RCW 4.16.040(1) provides a six-year statute of limitations for "[a]n action upon a contract in writing, or liability express or implied arising out of a written agreement." The parties dispute whether the employee handbook at issue here is a written contract within the meaning of the six-year statute of limitations. It is not. A written contract for purposes of the six-year limitations period must contain all the essential elements of a contract. Barnes v. McLendon, 128 Wash.2d 563, 570, 910 P.2d 469 (1996) (citing Cahn v. Foster & Marshall, Inc., 33 Wash.App. 838, 840-41, 658 P.2d 42 (1983)); Kloss v. Honeywell, Inc., 77 Wash. App. 294, 298, 890 P.2d 480 (1995). Although it is possible for an employee handbook to contain written contractual terms, see Swanson v. Liquid Air Corp., 118 Wash.2d 512, 520-24, 826 P.2d 664 (1992), all the essential elements must be present before the six-year limitations period of RCW 4.16.040(1) applies.
The essential elements of a contract are "the subject matter of the contract, the parties, the promise, the terms and conditions, and (in some but not all jurisdictions) the price or consideration." Family Med. Bldg., Inc. v. Department of Soc. & Health Servs., 104 Wash.2d 105, 108, 702 P.2d 459 (1985);[1]Kloss, 77 Wash.App. at 298, 890 P.2d 480. If parol evidence is necessary to establish any material element, then the contract is partly oral and the three-year statute of limitations in RCW 4.16.080(3) applies. Barnes, 128 Wash.2d at 570, 910 P.2d 469; Kloss, 77 Wash.App. at 298, 890 P.2d 480; Cahn, 33 Wash.App. at 841, 658 P.2d 42. Here, as a matter of law, the handbook is not a written contract because it does not, for example, name or identify plaintiff, nor does it identify his job or job responsibilities or his work hours. Thus, at the least it does not sufficiently establish the parties to and the *1108 terms and conditions of a contract. Accordingly, the six-year statute of limitations in RCW 4.16.040(1) does not apply. Therefore, regardless of the effect of the disclaimer in the handbook, plaintiff's action was untimely and the trial court properly granted summary judgment to defendant.

Resort to Parol Evidence
The Court of Appeals reasoned that parol evidence is necessary to determine the effect of the disclaimer found in the handbook, and therefore that the three-year statute of limitations applicable to oral and partly oral contracts applies as a matter of law. We disagree.
Parol evidence questions take varying forms where contracts are concerned. Interpretation of contracts may require the use of parol evidence. "`[P]arol evidence is admissible... for the purpose of ascertaining the intention of the parties and properly construing the writing.'" Berg v. Hudesman, 115 Wash.2d 657, 669, 801 P.2d 222 (1990) (quoting J.W. Seavey Hop Corp. v. Pollock, 20 Wash.2d 337, 348-49, 147 P.2d 310 (1944)); see also, e.g., U.S. Life Credit Life Ins. Co. v. Williams, 129 Wash.2d 565, 570, 919 P.2d 594 (1996). Parol evidence admitted to interpret the meaning of what is actually contained in a contract does not alter the terms contained in the contract. Thus, use of parol, or extrinsic, evidence as an aid to interpretation does not convert a written contract into a partly oral, partly written contract.
Moreover, the "parol evidence rule" precludes use of parol evidence to add to, subtract from, modify, or contradict the terms of a fully integrated written contract, i.e., one which is intended as a final expression of the terms of the agreement. Berg, 115 Wash.2d at 670, 801 P.2d 222; U.S. Life, 129 Wash.2d at 570, 919 P.2d 594; In re Marriage of Schweitzer, 132 Wash.2d 318, 327, 937 P.2d 1062 (1997). Because parol evidence is not admissible to add to, subtract from, or alter the terms of a fully integrated written contract, no issue can arise as to the effect such evidence could have on the statute of limitations question.
Where a partially integrated contract is involved,[2] parol evidence may be used to prove the terms not included in the writing, provided, of course, that the additional terms are not inconsistent with the written terms. Emrich v. Connell, 105 Wash.2d 551, 556, 716 P.2d 863 (1986). In contrast to the situation where a fully integrated written contract contains all the essential elements of a contract and the six-year statute of limitations applies, where resort to parol evidence is required "to establish any material element," the contract is partly oral and the three-year statute of limitations applies. Cahn, 33 Wash.App. at 841, 658 P.2d 42 (emphasis added), cited in Barnes, 128 Wash.2d at 570, 910 P.2d 469. (As in the case of a fully integrated written contract, parol evidence is admissible in any event as an aid in interpreting the meaning of the terms contained in a partially integrated contract.)
Under Swanson, 118 Wash.2d at 528-39, 826 P.2d 664, parol evidence may be admissible to establish the effect of a disclaimer in an employer handbook.[3] If a disclaimer stating that a writing is not a contract is found to be effective, it necessarily follows that the handbook is not a contract, much less a contract in writing for purposes of RCW 4.16.040(1), and the six-year statute of limitations does not apply.
Perhaps of more significance to this case is that parol evidence used to determine the effectiveness of such a disclaimer does not add oral terms to an agreement, but instead serves to ascertain the intended meaning of what is contained in the writing. If a purported disclaimer in an employee handbook *1109 is found to be ineffective, the remainder of the handbook may very well contain all the essential elements of a contract depending upon whether the obligations and liabilities of the parties can be determined by reference to the handbook. If so, the handbook might constitute a written contract to which the six-year statute of limitations should apply. Therefore, where it is alleged that an employee handbook containing such a disclaimer is nevertheless a fully integrated written contract, the question of the effectiveness of the disclaimer may require resolution before the statute of limitations issue can be resolved.[4]

Promises of Specific Treatment in Specific Situations
Plaintiff appears to rely in part upon the justifiable reliance theory of enforcement of promises made in employee handbooks recognized in Thompson, 102 Wash.2d at 233, 685 P.2d 1081. However, it appears that the theory is confused to some degree with a contract theory of enforceability.
The court in Thompson explained that "[g]enerally, an employment contract, indefinite as to duration, is terminable at will by either the employee or employer." Id. at 223, 685 P.2d 1081. The employee and employer can contractually modify the terminable at will doctrine by obligating themselves under provisions in an employee policy manual. Id. at 228-29, 685 P.2d 1081. The court then said: "Independent of this contractual analysis, ... employers may be obligated to act in accordance with policies as announced in handbooks issued to their employees." Id. at 229, 685 P.2d 1081 (emphasis added). The principal reason policy manuals are issued, the court reasoned, "is to create an atmosphere of fair treatment and job security for their employees." Id. at 229, 685 P.2d 1081. "It would appear that employers expect, if not demand, that their employees abide by the policies expressed in such manuals. This may create an atmosphere where employees justifiably rely on the expressed policies and, thus, justifiably expect that the employers will do the same." Id. at 230, 685 P.2d 1081 (second emphasis added). This court concluded:
Therefore, we hold that if an employer, for whatever reason, creates an atmosphere of job security and fair treatment with promises of specific treatment in specific situations and an employee is induced thereby to remain on the job and not actively seek other employment, those promises are enforceable components of the employment relationship.
Id. at 230, 685 P.2d 1081.
In Swanson, upon reviewing a grant of summary judgment, this court was faced with both a contract claim and a claim based upon promises of specific treatment in specific situations. Swanson, 118 Wash.2d at 519, 826 P.2d 664. The court "first [looked] to whether there are material issues of fact as to a possible contract modifying the terminable at will status...." Id. at 523, 826 P.2d 664.[5] The court concluded that factual questions remained on this issue. Id. at 524, 826 P.2d 664. The court then turned to the alternative argument, and held "that material issues of fact remain as to whether, in the *1110 absence of traditional contract analysis, defendant has made a promise of specific treatment in specific circumstances inducing plaintiff to stay on the job and not seek other employment...." Id. at 525, 826 P.2d 664 (emphasis added). The questions which required resolution were "[1] whether statements in employee manuals, handbooks, or other documents amount to promises of specific treatment in specific situations, [2] whether plaintiff justifiably relied upon any such promises, and [3] whether any such promise was breached...." Id.
The court also recognized the difference between traditional contract principles and the Thompson promises of specific treatment in specific situations alternative in Gaglidari v. Denny's Restaurants, Inc., 117 Wash.2d 426, 815 P.2d 1362 (1991). The court observed that "[t]he concepts of offer, acceptance and consideration are requisite to a contract analysis of employee handbooks." Id. at 433, 815 P.2d 1362 (citing Thompson, 102 Wash.2d at 228, 685 P.2d 1081). The court then clearly explained: "Employer obligations may also arise independent of traditional contract analysis when the employer creates an atmosphere of job security and fair treatment with promises of specific treatment in specific situations and the employee relies thereon. Thompson, 102 Wash.2d at 230, 685 P.2d 1081...." Gaglidari, 117 Wash.2d at 433, 815 P.2d 1362.
The Court of Appeals has also recognized the difference. See, e.g., Klontz v. Puget Sound Power & Light Co., 90 Wash.App. 186, 190 n. 1, 951 P.2d 280 (1998) (declining, in light of authority cited, to treat claim as implied contract claim, and instead treating claim as "a Thompson exception to terminable-at-will employment, which requires promises by the employer of specific treatment in specific situations"); Bott v. Rockwell Int'l, 80 Wash.App. 326, 331 n. 1, 908 P.2d 909 (1996) (noting that trial court and parties had confused implied contract with the "equitable exception to the terminable-at-will doctrine created by Thompson"); Shaw v. Housing Auth., 75 Wash.App. 755, 760-61, 880 P.2d 1006 (1994) (likening the cause of action based upon promises of specific treatment in specific situations to the equitable doctrine of promissory estoppel).
The difference is clear when the elements of the causes of action are compared. To prevail on a claim based upon promises of specific treatment in specific circumstances, the employee has to establish such a promise contained in an employee manual or handbook or the like, the employee's justifiable reliance, and breach by the employer. Swanson, 118 Wash.2d at 525, 826 P.2d 664; Thompson, 102 Wash.2d at 233, 685 P.2d 1081; Bott, 80 Wash.App. at 332, 908 P.2d 909. These are clearly not the elements which must be shown to establish a contract and a breach thereof. In particular, the justifiable reliance element takes the claim out of the traditional contract realm.
Thus, insofar as plaintiff asserts that promises of specific treatment in specific situations were made, bringing him within the cause of action first recognized in Thompson, his action is not upon a contract at all, and the six-year limitations period of RCW 4.16.040(1) applicable to written contracts does not apply.
Amicus curiae Washington State Trial Lawyers Association maintains, however, that a written promise within the meaning of the Thompson promises of specific treatment in specific situations alternative brings the action within the six-year statute of limitations as a written agreement giving rise to express or implied liability. See RCW 4.16.040(1). However, unless all the essential elements of a contract are in the written document, an action premised on express or implied liability arising out of the writing are not subject to the six-year limitations period. See Barnes, 128 Wash.2d at 570, 910 P.2d 469; Kloss, 77 Wash.App. at 298, 890 P.2d 480. The court has rejected the idea that liability arising from a written instrument, alone, brings an action within the six-year limitations period. Instead, a contract in writing or written agreement is required. See, e.g., Bicknell v. Garrett, 1 Wash.2d 564, 572-73, 96 P.2d 592, 126 A.L.R. 258 (1939); Evans v. Yakima Valley Grape Growers Ass'n, 52 Wash.2d 634, 637-38, 328 P.2d 671 (1958). An employer's written promise, in and of itself, is insufficient to constitute a *1111 contract containing all the essential elements of a contract.
Finally, plaintiff's complaint describes his cause of action as wrongful termination contrary to the terms and conditions of his employee handbook. He seeks to recover damages for emotional distress, lost income, impairment of ability to enjoy life and expenses of counseling. While plaintiff seems to allege breach of contract, the complaint also appears to allege a tort cause of action, wrongful discharge, and seeks damages recoverable under a tort (but not a contract) theory. Without passing on the propriety of a tort claim in this case, we note that generally a three-year limitations period applies to a tort claim. RCW 4.16.080(2).

Conclusion
As a matter of law the employee handbook at issue here is not a written contract subject to the six-year statute of limitations in RCW 4.16.040(1) because it does not contain all the essential elements of a written contract. Moreover, even if parol evidence is necessary to determine the effectiveness of a disclaimer in an employee handbook, which states that its provisions do not constitute a contract, it does not follow that as a matter of law the three-year statute of limitations applicable to oral and partly oral contracts applies. For this reason, our analysis differs from that of the Court of Appeals. Finally, a claim based upon the Thompson theory of promises contained in an employee handbook of specific treatment in specific situations is not a claim based upon a contract in writing subject to a six-year limitations period. The trial court properly dismissed this action on statute of limitations grounds.
Affirmed.
DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, ALEXANDER, TALMADGE and SANDERS, JJ., concur.
NOTES
[1] Family Med. Bldg., Inc. v. Department of Soc. & Health Servs., 104 Wash.2d 105, 108, 702 P.2d 459 (1985), involved the question whether there was a written contract satisfying the statute of frauds. The court has found such cases helpful where the question is whether a contract is a written contract within the meaning of RCW 4.16.040(1). E.g., Aall v. Riverside Irrigation Dist., 157 Wash. 442, 445, 289 P. 22 (1930); Geyen v. Time Oil Co., 46 Wash.2d 457, 461, 282 P.2d 287 (1955).
[2] A partially integrated contract is a final expression of those terms which it contains but is not a complete expression of all terms to which the parties have agreed. Berg v. Hudesman, 115 Wash.2d 657, 670, 801 P.2d 222 (1990) (citing Emrich v. Connell, 105 Wash.2d 551, 556, 716 P.2d 863 (1986)).
[3] This may include the circumstances surrounding the disclaimer, including whether it has been effectively communicated to the employee, and whether it has been negated by inconsistent employer practices or subsequent modification. Swanson v. Liquid Air Corp., 118 Wash.2d 512, 528-39, 826 P.2d 664 (1992).
[4] The Court of Appeals relied upon Campbell v. King County, 38 Wash.App. 474, 685 P.2d 659 (1984) for the proposition that the three-year statute of limitations applies in this case because parol evidence is needed to determine the existence of a contract. However, in Campbell the court determined that there was no written agreement containing all the essential elements of a contract. Id. at 476-78, 685 P.2d 659. The circumstances in Campbell are thus distinguishable from a case where a handbook contains all the essential elements of a contract as well as a disclaimer of contractual intent.
[5] We emphasize that the issue in the present case is whether the handbook constitutes a contract in writing for purposes of the six-year statute of limitations, and not simply whether the handbook contains contractual provisions which modify the terms of at will employment. As to the latter, policies in an employee handbook may be part of the employees' original employment contract or part of the employment contract as modified by the parties; to constitute part of the employment contract the requisites of contract formation, offer, acceptance, and consideration are necessary predicates. Thompson, 102 Wash.2d at 228-29, 685 P.2d 1081. Here, however, even if this handbook contains some contract terms, the difficulty for plaintiff is that it is not a complete written agreement for purposes of the six-year statute of limitationsit does not contain all the material terms, i.e., the essential elements of an employment contract.