**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHELLE M. HAHN and GERALD M. HAHN, <br><br>           Plaintiffs-Appellants/ <br>           Cross-Appellees, <br><br>    v. <br><br> STEVEN Z. STRASSER and JANE DOE STRASSER, husband and wife, and marital community comprised thereof; STEVEN Z. STRASSER, individually and as his sole and separate estate, <br><br>           Defendants-Appellees/ <br>           Cross-Appellants. | Nos. 11-35247 and 11-35326 <br><br> D.C. No. 2:10-cv-00959-RSM <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted May 11, 2012
Seattle, Washington

Before: HAWKINS, BYBEE, and BEA, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In this diversity breach-of-contract action, Gerald and Michelle Hahn appeal the district court's dismissal of their suit against Steven and Jane Doe Strasser as time-barred. Gerald Hahn ("Hahn") contends Steven Strasser ("Strasser") agreed to pay him one-half of a contingent commission fee upon resale of a certain piece of commercial real estate (the "Property"), which occurred in 2004. Hahn did not learn of the sale until 2010, at which time he commenced this action. Because we conclude Washington's six-year statute of limitations applies to this action, and the Hahns' suit is therefore timely, we reverse and remand for further proceedings.

Washington has a three-year statute (Wash. Rev. Code § 4.16.080), and a six-year statute of limitations (Wash . Rev. Code § 4.16.040). An oral agreement or one that requires a resort to parol evidence to establish essential elements of a contract is governed by the three-year statute. *Cahn v. Foster & Marshall, Inc.*, 658 P.2d 42, 43 (Wash. Ct. App. 1982). The essential elements of a contract are "the subject matter of the contract, the parties, the promise, the terms and conditions, and (in some but not all jurisdictions) the price or consideration." *DePhillips v. Zolt Constr. Co.*, 959 P.2d 1104, 1107 (Wash. 1998) (citation omitted). Here, Hahn has produced a letter agreement signed by Strasser which sufficiently identifies the subject matter, the parties, and Strasser's promise to pay; the letter lacks an express description of the consideration or performance provided by Hahn.

2

However, Washington courts will supply missing elements to find a written contract *if* they can be fairly implied from the terms of the writing itself. *See Kloss v. Honeywell, Inc.*, 890 P.2d 480, 484 (Wash. Ct. App. 1995) (an otherwise necessary contract element "need not be expressly addressed if it is implicit in the writing"). Here, it can fairly be implied from the written letter agreement that Hahn had already performed some service in connection with the sale of the Property: the letter references the Property's sale, sharing of a real estate commission, income tax consequences for both parties (negating any suggestion this could be an unearned gift), and participation in a business venture. *Cf. Associated Realty, Inc. v. Lewis*, 304 P.2d 693, 697 (Wash. 1956) (real estate purchase option agreement stating that Associated Realty was "to receive five per cent of the sale price" was sufficiently understood to be a promise to pay a commission for services rendered).[1]

Because consideration/performance by Hahn can be fairly implied from the writing, the written letter agreement sufficiently describes the essential elements and

---

[1] Although *Associated Realty* is a statute of frauds case, Washington courts have found such cases helpful "where the question is whether a contract is a written contract within the meaning of [the statute of limitations provision]." *DePhillips*, 959 P.2d at 1107 n.1; *see also Kloss*, 890 P.2d at 484 n.2. We also note that in statute of frauds cases, the general rule is that a writing need not recite performance which has already occurred. 10 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 29.11 (4th ed. 2012).

should be subject to the six-year statute of limitations for written contracts. Thus, we reverse the district court's dismissal of the Hahns' action on this ground.

As an alternative ground for affirming, the Strassers argue that we should find the contract is void and unenforceable due to Washington Rule of Professional Conduct 1.8. Although this issue was raised below, the district court did not reach it, and we decline to do so in the first instance. There appears to be a material factual dispute regarding the existence and scope of an attorney-client relationship between Hahn and Strasser at the time of the transaction which requires further development. We leave this issue to the district court on remand.

On cross-appeal, the Strassers also argue that the district court abused its discretion by striking portions of his declaration. We also decline to address this issue as the Strassers failed to respond to the Hahns' motion to strike in the district court and thus failed to preserve the issue for appeal. *See Marx v. Loral Corp.*, 87 F.3d 1049, 1055 (9th Cir. 1996).

**REVERSED** and **REMANDED** for further proceedings consistent with this disposition.[2]

---

[2] The Hahns' Motion to Take Judicial Notice is denied as moot.