# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KASEY OWEN ROGERS, | No. 57047-5-II |
| Plaintiff, | |
| v. | |
| KEVEN HAROLD THORSON, AND ANY OTHER PERSONS KNOWN OR UNKNOWN, | UNPUBLISHED OPINION |
| Respondent, | |
| and | |
| BEVERLY ANNE BECKER, | |
| Appellant. | |

CRUSER, C.J.—Beverley A. Becker appeals a trial court order granting summary judgment in favor of her former spouse, Keven H. Thorson. The court concluded Becker had no interest in property that was quit claimed to Thorson by Becker's son, Kasey O. Rogers. The court also entered a judgment against Becker for back rent while living on the property. Becker contends that she was denied due process based on judicial bias, that she was wrongly denied a jury trial, and that the judgment against her was excessive. We affirm the trial court's order granting summary judgment in favor of Thorson regarding ownership of the property and affirm the court's subsequent judgment against Becker for back rent while living on the property.

FACTS

Becker and Thorson married in December 2006. Becker had an adult son, Rogers, from a prior marriage. In 2008, Rogers and Becker were in a car accident and suffered injuries.

In February 2012, Becker and Thorson divorced. According to Becker, the dissolution was for benefits purposes and the two continued to live together as a couple.

In July 2012, Becker and Thorson settled their personal injury claims from their automobile accident. Rogers used $38,254.30 from the proceeds to purchase property in Castle Rock. While Becker claims both she and Rogers were supposed to be the property owners, the property's title was just in Rogers' name.

In April 2014, Rogers signed a quit claim deed, transferring ownership of the property to Thorson. The quit claim deed included a statement that Rogers was transferring "all right, title, and interest" in the property to Thorson "as a gift for . . . love and compassion." Clerk's Papers (CP) at 42. Thorson alleges Rogers deeded the property to him because he "set [Rogers] up with a home and made valuable improvements to both properties." *Id.* at 141. In 2017, Thorson moved to Alaska, but Becker remained on the property. Becker alleges the two continued in a long-distance relationship, but the relationship eventually ended. Thorson then requested that Becker vacate the property.

In June 2019, Rogers filed a quiet title action against Thorson, requesting that the property "be signed back over" to him. *Id.* at 9. Thorson countersued adding Becker as a third-party defendant, alleging, inter alia, that Becker was trespassing and she should be removed from the property. Becker responded that she had an interest in the property based on a committed intimate relationship (CIR) and constructive trust.

2

In May 2021, the trial court entered an order granting Thorson's motion for summary judgment against Rogers. The court concluded there was no genuine issue of material fact that Rogers 2014 quit claim deed was a binding gift of the property to Thorson. The court concluded that Rogers had no right, title, or interest in the property and dismissed his complaint for quiet title with prejudice. The court reserved ruling on whether Becker had any interest in the property based on a CIR between Becker and Thorson.

In May 2022, the trial court entered an order granting Thorson's motion for summary judgment against Becker. The court found that there were no genuine issues of material fact to support Becker's argument there was a constructive trust or her argument that she had an interest in the property based on the couple's CIR.

The matter proceeded to trial on the division of property based on the CIR. The trial court characterized the Castle Rock property as Thorson's separate property and entered a judgment against Becker for $28,900 for back rent. This amount was based on an average monthly rental rate of $850 from the time this matter commenced until the court's ruling (August 2019 and May 2022). The court was aware of Becker's financial circumstances and noted that "any judgment ordered may be symbolic due to collectability." *Id.* at 427. The court awarded Thorson possession of the property within 30 days of its decision. Thorson obtained a writ of restitution and Becker vacated.

Becker appeals.

## ANALYSIS

As an initial matter, Thorson asks this court to strike Becker's opening brief for non-compliance with the rules of appellate procedure and dismiss this appeal. Thorson first points to

the appendix which contains documents not included in the record, in violation of RAP 10.3(a)(8). Thorson also argues that Becker failed to include a separate concise statement of each error she contends was made by the trial court, together with the issues pertaining to the assignments of error as required under RAP 10.3(a)(4). Becker's brief also does not include a statement of facts and procedure relevant to the issues presented for review with reference to the record for each factual statement as required under RAP 10.3(a)(5). The brief also does not contain argument with citations to legal authority and references to relevant parts of the record as required under RAP 10.3(a)(6).

The Rules of Appellate Procedure govern briefs filed in this court, and they dictate requirements regarding the contents of a party's submission. RAP 10.3. As a pro se litigant, Becker is held to the same standard as an attorney and must comply with all procedural rules on appeal. *See In re Estate of Little*, 9 Wn. App. 2d 262, 274 n.4, 444 P.3d 23 (2019). "Appellate courts need not consider arguments that are unsupported by pertinent authority, references to the record, or meaningful analysis." *Cook v. Brateng*, 158 Wn. App. 777, 794, 262 P.3d 1228 (2010).

Additionally, "[i]t is not the responsibility of this court to attempt to discern what it is appellant may have intended to assert that might somehow have merit." *Port Susan Chapel of the Woods v. Port Susan Camping Club*, 50 Wn. App. 176, 188, 746 P.2d 816 (1987). And " '[p]assing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.' " *In re Guardianship of Ursich*, 10 Wn. App. 2d 263, 278, 448 P.3d 112 (2019) (quoting *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998)).

Here, Becker fails to include a separate concise statement of each error she contends was made by the trial court, together with the issues pertaining to the assignments of error as required

under RAP 10.3(a)(4). Her brief also does not include a statement of facts and procedure relevant to the issues presented for review with reference to the record for each factual statement as required under RAP 10.3(a)(5) or argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record as required under RAP 10.3(a)(6). Becker also includes documents not included in the record in the appendix of her brief in violation of RAP 10.3(a)(8).

Reaching Becker's arguments with these deficiencies could render "the Rules of Appellate Procedure . . . *meaningless*." *State v. Kalakosky*, 121 Wn.2d 525, 540 n.18, 852 P.2d 1064 (1993) (emphasis added). Additionally, it could undercut the "primary purpose of the rules:" affording "fairness and notice of the scope of review to the court and all litigants." *Id.* To that end, this conduct could negatively affect judicial economy because an "appellate court would have to search trial court records and clerk's papers and address all issues raised below." *Id.*

Regardless, under RAP 1.2(a) we will liberally interpret the RAPs "to promote justice and facilitate the decision of cases on the merits." " '[W]here the nature of the challenge is perfectly clear, and the challenged finding is set forth in the appellate brief, [this court] will consider the merits of the challenge.' " *Green River Cmty. Coll., Dist. No. 10 v. Higher Educ. Pers. Bd.*, 107 Wn.2d 427, 431, 730 P.2d 653 (1986) (internal quotation marks omitted) (quoting *State v. Williams*, 96 Wn.2d 215, 220, 634 P.2d 868 (1981)). To promote justice, we deny Thorson's motion to strike Becker's opening brief and consider the merits of Becker's appeal. Nevertheless, any documents in the appendix to Becker's opening brief that are not included in our record will not be considered. RAP 10.3(a)(8).

ALLEGATIONS ON BEHALF OF ROGERS

Becker first challenges a contempt finding against Rogers. She further argues that Thorson did not properly serve Rogers with a motion, though she does not specify the type of motion. But Becker fails to apprise this court of the nature of the contempt finding or the lack of service allegation with citation to legal authority and the record as required under RAP 10.3(a)(6). Moreover, it is a long-standing rule under Washington law that, in general, an individual appearing before the court on behalf of another party or entity must be licensed to practice law. *No on I-502 v. Wash. NORML*, 193 Wn. App. 368, 372-73, 372 P.3d 160 (2016). Becker does not have the legal authority to raise issues on behalf of Rogers. As such, we decline to address these issues further.

JUDICIAL BIAS

Becker next contends that she was denied a fair trial based on judicial bias. "[T]rial before an unbiased judge is an essential element of due process." *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 692, 101 P.3d 1 (2004). However, "[t]here is a presumption that a trial judge properly discharged his/her official duties without bias or prejudice." *Id*. A party asserting judicial bias "must provide specific facts establishing bias" to overcome the presumption, such as evidence on the record of the judge having a personal interest in the outcome or the judge's personal prejudice against the party. *Id*. at 692-93. Mere speculation of judicial bias is insufficient. *Tatham v. Rogers*, 170 Wn. App. 76, 96, 283 P.3d 583 (2012).

Becker fails to pinpoint instances of judicial bias in the record. Becker vaguely states that the judge tended to "lose her cool," but does not elaborate on what this means. Br. of Appellant at

3. Becker's bald accusations are insufficient to defeat the presumption of an impartial judiciary. Therefore, we decline to address this issue further.

## DENIAL OF JURY TRIAL

Becker next contends that she was denied her constitutional right to a jury trial. But Becker does not direct us to where in the record she demanded a jury trial as required by CR 38(b) in civil cases. Moreover, although article I, section 21 of the Washington Constitution provides for the right to a jury trial in civil proceedings, our supreme court has held that when there is no genuine issue of material fact, " 'summary judgment proceedings do not infringe upon a litigant's constitutional right to a jury trial.' " *Thurman v. Cowles Co.*, 4 Wn.3d 291, 298 n.2, 562 P.3d 777 (2025) (quoting *Davis v. Cox*, 183 Wn.2d 269, 289, 351 P.3d 862 (2015), abrogated on other grounds by *Maytown Sand & Gravel, LLC v. Thurston Cnty.*, 191 Wn.2d 392, 440 n.15, 423 P.3d 223 (2018)). Accordingly, we decline to address this issue further.

## ALLEGED EXCESSIVE JUDGMENT

Becker lastly contends that the trial court's monetary judgment for back rent is excessive. We disagree.

Damages amounts are reviewed for an abuse of discretion. *See State v. Meta Platforms, Inc.*, 33 Wn. App. 2d 138, 201, 560 P.3d 217 (2024), *review granted*, 4 Wn.3d 1020 (2025). The trial court abuses its discretion if " 'its decision is manifestly unreasonable, or exercised on untenable grounds or for untenable reasons.' " *Id.* (quoting *Gildon v. Simon Prop. Grp., Inc.*, 158 Wn.2d 483, 494, 145 P.3d 1196 (2006)). An abuse of discretion occurs when the court relies on unsupported facts or takes a view that no reasonable person would take. *Id*. at 201-02.

The trial court entered a judgment against Becker for $28,900 for back rent. The court used the fair rental value of $850 per month from the time this matter commenced until the court's ruling (August 2019 and May 2022). Becker argues that the trial court should have considered her inability to pay. But she points to no legal authority to support this contention. Notably, the court was aware of Becker's financial circumstances and noted that "any judgment ordered may be symbolic due to collectability." CP at 427. Given all, we do not find that Becker has demonstrated that the court took a view that no reasonable person would take. Accordingly, she does not show that the court abused its discretion by imposing an excessive judgment.

CONCLUSION

We affirm the trial court's order granting summary judgment in favor of Thorson regarding ownership of the Castle Rock property and affirm the court's subsequent judgment against Becker for back rent while living on the property.[1]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

---

[1] After briefing was complete, Becker filed a "Motion for Submittal of Doctors Letter." We treat this as a RAP 9.11 Motion for Additional Evidence on Review and deny the motion because the filing does not meet the RAP 9.11 criteria for taking additional evidence.

No. 57047-5-II

CRUSER, C.J.

We concur:

LEE, J.

GLASGOW, J.

9